UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| XYZ CORPORATION,<br><br>PLAINTIFF,<br><br>V.<br><br>THE PARTNERSHIPS IDENTIFIED ON SCHEDULE A<br><br>DEFENDANTS. | CASE NO.:1:25-CV-12545<br><br>HONORABLE JUDGE ELAINE E. BUCKLO<br><br>MAGISTRATE JUDGE JEANNICE W. APPENTENG |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION
FOR LEAVE TO FILE CERTAIN DOCUMENTS UNDER SEAL
AND TEMPORARILY PROCEED UNDER A PSEUDONYM**

Plaintiff, XYZ Corporation ("Plaintiff"), by its undersigned counsel, submits this Memorandum in support of its Motion for Leave to File Certain Documents Under Seal and to Temporarily Proceed Under a Pseudonym (the "Motion") in an action arising out of 15 U.S.C. § 1114, *et seq.*; 15 U.S.C. § 1125(a); and 815 ILCS § 510, *et seq.*

**MEMORANDUM OF LAW**

I.     **INTRODUCTION**

In this action, Plaintiff is requesting temporary *ex parte* relief based on its claims of: trademark infringement and counterfeiting; false designation of origin, passing off and unfair competition; and violation of the Illinois Uniform Deceptive Trade Practices Act. Plaintiff's anticipated *Ex Parte* Motion for Entry of Temporary Restraining Order ("Motion for TRO"), along with the supporting memorandum, declarations, and exhibits for each, will be filed upon ruling of its present Motion.

Plaintiff is requesting that it be allowed to temporarily proceed under a pseudonym until the *ex parte* relief can be effectuated, as identifying the Plaintiff at this time will result in a frustration of the litigation process and will leave Plaintiff without remedy for its injury. As Plaintiff will show, exceptional circumstances exist in this case, which should permit Plaintiff to proceed anonymously until such time as the *ex parte* relief is effectuated, with Plaintiff disclosing its identity to defendants upon service of process.

In addition to Plaintiff's request to proceed under a pseudonym, Plaintiff is requesting leave to file the following documents under seal: (1) the unredacted Complaint [2] and any amendments thereof, which will identify Plaintiff and includes additional allegations regarding the Parties to this action and their identities; (2) Exhibit 1 to the Complaint [2-1], which consists of the Plaintiff's Trademarks; (3) Exhibit 2 – Schedule A to the Complaint [2-2] and any amendments thereof, which consists of a list of the Defendants, Defendants' store names, the online marketplace accounts (referred to as "Seller Aliases" or "Defendant Internet Stores") URLs of the Defendant Internet Stores, and product titles and images Defendants used to offer for sale, and sell, their counterfeit goods; (4) Plaintiff's Notification of Affiliates [8], which identifies Plaintiff and any

of its affiliates; (5) Plaintiff's Notice of Claims Involving Trademarks [9], which consists of the Plaintiff's Trademarks; and (6) Plaintiffs' anticipated Motion for Entry of a Temporary Restraining Order, including a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery, and supporting memorandum, declarations, and exhibits, including screenshot printouts showing the infringement as well as the e-commerce stores operating under the Seller Aliases.

Sealing this portion of the file is necessary to prevent the Defendants from learning of these proceedings prior to the execution of the temporary restraining order. If Defendants were to learn of these proceedings prematurely, the likely result would be the destruction of relevant documentary evidence as well as the hiding and/or transferring of assets to foreign jurisdictions, which would frustrate the purpose of the underlying law and would interfere with this Court's power to grant relief. *See generally,* the Declaration of Ann Marie Sullivan ("Sullivan Decl."), attached hereto. Once the temporary restraining order has been served on the relevant parties and the requested actions are taken, Plaintiff will move to unseal these documents.

## II. EXCEPTIONAL CIRCUMSTANCES

Unless Plaintiff is allowed to proceed under a pseudonym, Defendants will be able to discern which marks are at issue in the instant action, and with this knowledge, will be capable of evading detection and prosecution for their disregard of United States intellectual property laws. Third-parties routinely work in concert with accused counterfeiters in an effort to facilitate evading enforcement efforts by operating trademark infringement litigation monitoring websites (hereinafter referred to as the "Monitoring Websites"). *See generally,* Sullivan Decl.

When these Monitoring Websites observe a copyright or trademark-holder filed a lawsuit, they announce this activity on their websites, posting the Complaint and all other public pleadings, and recommending that sellers cease their counterfeiting activity, liquidate their associated financial accounts, and change their payment processors. *Id*. at ¶ 3. These Monitoring Websites

receive a high volume of views, with many counterfeit sellers regularly checking the articles posted. *Id.* at ¶ 11. The Monitoring Websites enable counterfeiters to connect with one another, posting links to chat groups, and encouraging counterfeiters to "forward this article" to other counterfeiters that may be named in the case. *Id.* at ¶¶ 5-8. Additionally, when Plaintiff's identity is known in a lawsuit, Defendants routinely drain their payment processor accounts in order to frustrate Plaintiff's efforts to prosecute this action and perform an accounting to determine Plaintiff's lost profits. *Id.* at ¶¶ 12-14.

All anti-counterfeiting cases brought by Plaintiff's counsel, Sullivan & Carter, LLP, have been posted to at least one of the Monitoring Websites. *Id.* at ¶ 9. In fact, one the most recent publications to the Monitoring Website, Seller Defense, details two recent cases brought in this District, *E.L.O. v. The P'ship, et al.*, No. 25-cv-11452 (N.D. Ill. filed on Sep. 22, 2025) and *E.L.O. v. The P'ship, et al.*, No. 25-cv-11349 (N.D. Ill. filed on Sep. 22, 2025). *Id.* at ¶ 10; *see also* below Figures 1, 2, and 3. Plaintiff reasonably believes that this case will also be posted on the Monitoring Websites in the coming days. Sullivan Decl. at ¶ 10.

3



**Figure 1.**  https://sellerdefense.cn/?s=ThighMaster (Last Accessed: Oct. 15, 2025)



**Figure 2.**  https://sellerdefense.cn/thighmaster/ (Last Accessed: Oct. 15, 2025)



**Figure 3.**  https://sellerdefense.cn/e-l-o-corporation092925/ (Last Accessed: Oct. 15, 2025)

As of October 15, 2025, Figure 3 had 469 views. Sullivan Decl. at ¶ 11.

### III. ARGUMENT

Federal Rule of Civil Procedure 10(a) provides that "[e]very pleading" must "name all the parties[.]" However, it has been well-established that a party may seek an exception to the general requirement of open litigation by filing a motion to proceed under a pseudonym. Though the Federal Rules of Civil Procedure do not specifically authorize the use of a pseudonym by litigants, courts have allowed parties to proceed anonymously in exceptional circumstances. *See, e.g. Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011); S. *Methodist. Univ. Ass'n. of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979). Finding exceptional circumstances exist warranting such an exception, courts have recently allowed plaintiffs in similar trademark infringement cases to proceed anonymously in both this District[1] and in other Districts.[2]

To proceed anonymously, "a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Doe v. Village of Deerfield*, 819 F.3d 372 (7th Cir. 2016) (citation omitted). The Seventh Circuit has held that it is within the District Court's discretion to determine whether the circumstances of a particular case justify a departure from the general rule

---

[1] *See XYZ Corporation v. The P'ships, et al.*, No. 1:21-cv-01233, Dkt. [15] (N.D. Ill. Apr. 6, 2021) (unpublished) (Chang, J.) ("Plaintiff's motion [5] for leave to file under seal and proceed anonymously is granted in light of the asset-restraint goal."); *XYZ Corporation v. The P'ships, et al.*, No. 1:21-cv-02322, Dkt. [8] (N.D. Ill. May 2, 2021) (unpublished) (Kennelly, J.) ("Plaintiff's motion for leave to proceed anonymously is granted, exceptional circumstances having been shown."); *XYZ Corporation v. The P'ships, et al.*, No. 1:21-cv-01290, Dkt. [15] (N.D. Ill. March 11, 2021) (unpublished) (Kocoras, J.); *XYZ Corporation v. The P'ships, et al.*, No. 1:20-cv-07258, Dkt. [16] (N.D. Ill. March 23, 2021) (unpublished) (Wood, J.).

[2] *See XYZ Corporation v. The P'ships, et al.*, No. 0:21-cv-61267, Dkt. [6] (S.D. Fl. June 22, 2021) (unpublished) (Singhal, J.) (Finding "that there is no threat of fundamental unfairness to Defendants in allowing Plaintiff to temporarily proceed under a pseudonym. To the contrary, it is Plaintiff that potentially suffers economic harm and damage to its reputation by allowing Defendants — whose personal identities are essentially unknown — to become aware of Plaintiff's identity early enough to allow them to destroy online evidence or evade prosecution." Also holding, "Plaintiff's privacy right at this early stage of the litigation outweighs the need for Defendants and the public to be aware of Plaintiff's identity.").

that parties must be identified by name. *Doe v. Blue Cross and Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). One circumstance justifying the use of anonymous names is when a plaintiff is "a likely target of retaliation by people who would learn her identity" from court filings. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). In deciding whether to permit a party to proceed by anonymous name, courts are to apply a balancing test, weighing "the possible prejudice to the opposing party from concealment" against "the harm to the plaintiff" from disclosure of its identity. *Id*.

Here, the balancing test analysis favors permitting Plaintiff to proceed by anonymous name. Allowing Plaintiff to proceed anonymously will not harm the public interest, and the Defendants will not be prejudiced if the Court allows the Plaintiff to proceed anonymously. Plaintiff is not seeking to hide its identity from the Defendants. Rather, Plaintiff seeks only to proceed anonymously on a temporary basis, and intends to make its identity public after the Defendants have been served. *See John Does I-IV*, 2006 WL 2289187 at *3 ("Plaintiffs request understandably that Defendants be precluded from disclosing their names publicly. Thus, Defendants will not be prejudiced by allowing Plaintiffs to proceed by anonymous names."). Furthermore, courts in this District have recently allowed plaintiffs to temporarily proceed under a pseudonym based on strikingly similar facts. *See XYZ Corporation v. The P'ships, et al*, No. 25-cv-11837, Dkt. [13] (N.D. Ill. Oct. 3, 2025) (unpublished) (Kennelly, J.) ("Plaintiff's motion for leave to file certain documents under seal and to temporarily proceed under a pseudonym [8] is granted, exceptional circumstances having been shown.").

If Plaintiff's identity is known, Defendants will undertake activity designed to frustrate Plaintiff's efforts to prosecute this action and perform an accounting to determine Plaintiff's lost profits. This assertion is based upon Plaintiff's counsel's previous and current experience in cases

7

involving analogous facts. Sullivan Decl. at ¶¶ 12-14. Specifically, such activity will likely include, without limitation, Defendants: (a) blocking access to their sites in the United States so that trademark-holders are unable to view the Defendants online postings and, therefore, unable to gather important evidence; (b) closing their Defendant Internet Stores and opening up new online stores with new registration and account information in order to evade the action; and (c) transferring assets from their financial accounts, closing those accounts, and reopening new financial accounts so as to avoid asset restraints, leaving Plaintiff without remedy.

## IV. CONCLUSION

For these reasons, Plaintiff respectfully requests that it be permitted to file certain documents under seal, and temporarily proceed in this action under a pseudonym, at least until such time as the *ex parte* relief may be effectuated, including the suspension of the Defendant Internet Stores and restraint of the associated financial accounts, in order to further mitigate the risk of Defendants attempting to evade Plaintiff's present anti-counterfeiting efforts.

Dated: October 15, 2025

Respectfully submitted,

*/s/ John J. Mariane*
Ann Marie Sullivan
Alison K. Carter
John J. Mariane
Gouthami V. Tufts

**Sullivan & Carter, LLP**
111 W. Jackson Blvd. Ste 1700
Chicago IL 60604
www.scip.law
929-724-7529
j.mariane@scip.law

***ATTORNEYS FOR PLAINTIFF***